543 A.2d 1277

Michael J. Yanushko, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 22, 1988, before Judges DOYLE, PALLADINO and SMITH, sitting as a panel of three.

*John C. Aciukewicz,* for petitioner.

*Cynthia B. White,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, July 11, 1988:

Michael J. Yanushko (Petitioner) petitions for review of an order of the Department of Public Welfare (DPW) denying him continued eligibility for cash assistance and categorically needy medical assistance because he had enrolled as a full-time college student.

Section 403(d) of the Act of June 12, 1967 (Act), P.L. 31, *as amended,* 62 P.S. §403(d), prohibits the receipt of general assistance by full-time college or university students unless they have participated in a federally subsidized program for dependent children within the previous five years. This prohibition is also embodied in a DPW regulation at 55 Pa. Code §141.61(a)(1)(xiii).[1]

On June 23, 1986, Petitioner was determined to be chronically needy pursuant to 55 Pa. Code §141.61(d) (1), and therefore eligible for cash assistance, medical assistance and food stamps. Petitioner was classified as

---

[1] The regulation provides, in pertinent part:
§141.61. Policy.

(a) Conditions of eligibility. the following is a statement of policy relating to eligibility for GA:

. . .

(xiii) Furthermore, a full-time student at a college or university is not eligible as a categorically needy person for General Assistance—cash grant (GA) or Medical Assistance (PD)—unless he has participated in a Federally subsidized program for dependent children—ADC, ADC-U, AFDC, AFDC-U, ADC-F or AFDC-F—within the previous. 5 years.

chronically needy because he is unable to work due to various medical conditions.[2] On August 20, 1986, the Luzerne County Assistance Office (CAO) notified Petitioner that it intended to discontinue his cash assistance and medical assistance on September 15, 1986 because Petitioner had become a full-time college student. Petitioner appealed the CAO determination, and the hearing officer sustained Petitioner's appeal, concluding that the circumstances of Petitioner's case warranted an exception to section 403(d) of the Act and 55 Pa. Code §141.61(a)(i)(xiii).[3]

---

[2] 55 Pa. Code §141.61(d)(1)(iii) provides:

(d) *Determining chronically and transitionally needy.* Every applicant for or recipient of General Assistance shall be determined to be either chronically or transitionally needy in accordance with the following:

(1) Chronically needy persons shall be eligible to receive General Assistance for an indeterminate period due to medical, social or related circumstances which shall be limited to the following:

. . .

(iii) A person who claims that he is unable to work in a job which produces income equal to or exceeding the minimum wage because of a serious physical or mental handicap must comply with the following: . . .

[3] Our recitation of the facts is based on those found by the hearing officer. Because the transcript in this case is incomplete, the office of hearings and appeals suggested, in a letter to the prothonotary of this court, that the parties enter into a stipulation of facts. Correspondence from Petitioner's counsel to DPW counsel indicates that Petitioner's counsel suggested a stipulation of facts, to which DPW counsel did not respond. Petitioner's counsel later notified DPW counsel that Petitioner intended to incorporate the suggested stipulated facts in his brief, and DPW counsel did not respond. The correspondence from Petitioner's counsel does not appear in the record, but is attached to Petitioner's brief. We note that the findings of the hearing officer have not been attacked by either party; accordingly, we need not rely on the suggested stipulation of facts.

The director of the DPW office of hearings and appeals affirmed the continuance of food stamps but reversed the hearing officer's recommendation that Petitioner continue to receive cash assistance and chronically needy medical assistance.[4] The director noted that the regulation did not provide for any exception to the ineligibility of full-time college students. Petitioner has petitioned this court for review. For the reasons which follow, we affirm.[5]

Petitioner asserts that the DPW decision is contrary to the statutory scheme for public welfare, relying heavily on the stated legislative purpose of public welfare found at section 401 of the Act:

§401. Legislative intent

It is hereby declared to be the legislative intent to promote the welfare and happiness of all the people of the Commonwealth, by providing public assistance to all of its needy and distressed; that assistance shall be administered promptly and humanely with due regard for the preservation of family life, and without discrimination on account of race, religion or political affiliation; and that assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society.

62 P.S. §401. Petitioner asserts that the ineligibility of full-time college students is contrary to the purpose of

---

[4] Petitioner retained eligibility for one form of medical assistance, but not the form to which chronically needy persons are generally entitled.

[5] Our scope of review is limited to a determination of whether an error of law has been committed, constitutional rights have been violated or findings of fact are supported by substantial evidence. *Colon v. Department of Public Welfare,* 113 Pa. Commonwealth Ct. 472, 537 A.2d 936 (1988).

encouraging self-dependency, and therefore violative of the statutory scheme. It is not disputed that if Petitioner were a part-time student or were enrolled in a vocational program he would retain his eligibility for assistance. Furthermore, Petitioner notes, his attempt to better himself and achieve self-sufficiency despite his physical limitations is being thwarted by a program designed to promote such independence. Thus, Petitioner argues, the prohibition found in section 403 of the Act and in the regulation should not be applied to him. Although we are well aware of the logic in Petitioner's argument, we must rule otherwise.

Where the words of a statute are clear and free from all ambiguity, we are not free to disregard the letter of the statute under the pretext of pursuing its spirit. 1 Pa. C. S. §1921(b). The legislature has explicitly stated that full-time college students who have not participated in a federally subsidized program for dependent children within the previous five years shall not be eligible for general assistance.[6] DPW has promulgated regulations to implement this legislative prohibition. The language is clear; there are no exceptions. It is entirely possible that the prohibition does not, in fact, best serve the legislature's goal. A case by case review might very well be a better approach. However, where the legislature has spoken, this court cannot properly engage in development of the best approach. We are constrained to affirm.

Accordingly, the order of DPW is affirmed.

---

[6] This classification of full-time college students (*i.e.,* those who have participated in a federally subsidized program as opposed to those who have not), withstood an equal protection challenge in *Walker v. O'Bannon*, 487 F. Supp. 1151 (W.D. Pa.), *aff'd*, 624 F.2d 1092 (3d Cir. 1980).

· ORDER

AND NOW, July 11, 1988, the order of the Department of Public Welfare in the above-captioned matter is affirmed.